IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-104-KAC-DCP |
| FRANK EDWARD SMALL, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Frank Small's Motion to Continue Trial and Corresponding Deadlines [Doc. 44], filed on September 9, 2024.

Defendant Small asks the Court to continue the trial date and all corresponding deadlines [Doc. 44]. In support of the motion, Defendant asserts that while his counsel has been diligently reviewing materials and engaging in preliminary conversations with the United States, additional time is necessary to review discovery, conduct pretrial investigations, and discuss the documents with his counsel [*Id.* ¶ 4]. The review process is lengthy because Defendant has difficulty reading and writing [*Id.*]. Additionally, Defendant will undergo cardiac surgery on October 14, 2024 [*Id.* ¶ 6]. Additional time will allow him to receive medical care and recover from surgery [*Id.* ¶ 7]. He represents that the Government does not oppose a continuance [*Id.* ¶ 8]. Defense counsel confirmed with Chambers via email that Defendant understands his right to a speedy trial.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence.  *See id.* § 3161(h)(7)(B)(i)–(iv).  Defense counsel needs additional time to review discovery and otherwise prepare for trial.  The Court finds that this cannot occur before the October 15, 2024 trial date.

The Court therefore **GRANTS** Defendant Frank Small's Motion to Continue Trial and Corresponding Deadlines [**Doc. 44**].  The trial of this case is reset to **February 11, 2025**.  A new comprehensive trial schedule is included below.  Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the initial motion on September 9, 2024, and the new trial date is fully excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Frank Small's Motion to Continue Trial and Corresponding Deadlines [**Doc. 44**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 11, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 9, 2024**, and the new trial date of **February 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2025**;

(5) the deadline for filing motions *in limine* is **January 27, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 28, 2025, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 31, 2025**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge