UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:22-CR-104-KAC-DCP |
| FRANK EDWARD SMALL, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Frank Edward Small's Unopposed Motion to Continue Trial and Corresponding Deadlines [Doc. 50], filed on November 7, 2025.

Defendant requests the Court to continue the trial date, set for December 9, 2025, and the corresponding deadlines [*Id.* at 1]. In support of his motion, Defendant states that he was indicted with two counts of tax evasion in violation of 26 U.S.C. § 7201 [*Id.* ¶ 1]. Defendant's counsel received discovery in March 2024, which includes numerous witness interviews, several years of tax records, and a significant amount of banking records [*Id.* ¶ 3]. Defendant has difficulty reading and writing, so the discovery review process has been extremely lengthy [*Id.* ¶ 4]. Further, Defendant reports that he suffers from a number of medical conditions which have required frequent and ongoing medical care [*Id.* ¶ 5]. Defendant anticipates being scheduled for a medical procedure following an upcoming medical appointment [*Id.* ¶¶ 10–12]. Based on his medical conditions, the difficulty in meeting with his counsel due to those conditions, which have been primarily treated in Nashville, and the likelihood of further procedures, Defendant states that additional time is necessary to determine if a resolution may be reached short of trial [*Id.* ¶ 13].

Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 15]. Defendant's counsel represented to the Court via email that they had discussed with Defendant his speedy trial rights and that he waived those rights for the purposes of the motion to continue.

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 9, 2025 trial date.

The Court therefore **GRANTS** Frank Edward Small's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 50**]. The trial of this case is reset to **June 23, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 7, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Frank Edward Small's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 50**] is **GRANTED**;

2

(2) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 7, 2025**, and the new trial date of **June 23, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 22, 2026**;

(5) the deadline for filing motions *in limine* is **June 8, 2026**. Responses to motions *in limine* are due on or before **June 16, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026.**

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge