UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-104-KAC-DCP |
| | ) | |
| FRANK EDWARD SMALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Frank Edward Small's Unopposed Motion to Continue Trial and Corresponding Deadlines [Doc. 53], filed on May 11, 2026, and Defendant's supplement [Doc. 55].

Defendant asks the Court to continue the June 23, 2026 trial date and the corresponding deadlines and to find that this case is complex for purposes of the Speedy Trial Act [Doc. 53 ¶¶ 2, 9; Doc. 55 ¶¶ 2, 8–10]. As grounds, Defendant, who is indicted with two counts of tax evasion in violation of 26 U.S.C. § 7201, states that discovery in this case is voluminous, and includes tax records from 2006 to 2018; memoranda from more than forty witness interviews; and banking and business records from Buckeye Check Cashing, several paving companies allegedly connected to Defendant, and other entities [Doc. 55 ¶ 8; *see also* Doc. 53 ¶ 3]. Although defense counsel received discovery in March 2024 [*see* Doc. 50 ¶ 3], Defendant "has difficulty reading and writing so the discovery review process has been extremely lengthy" [Doc. 53 ¶ 4; *see also* Doc. 55 ¶ 6]. Further, Defendant reports that he suffers from multiple medical conditions, requiring frequent and ongoing medical care and "complicat[ing] the discovery review process and discussion of potential resolution" with the Government [Doc. 53 ¶ 5; Doc. 55 ¶ 6]. Defendant asserts that the

extensive nature of the "case investigation and evidence, paired with [Defendant's] personal characteristics and ongoing medical issues" render this case "so unusual or so complex" the normal parameters in the Speedy Trial Act should not apply [Doc. 55 ¶ 9]. Defendant's motion reflects that the Government does not oppose the continuance, nor the designation of this case as complex [*Id.* ¶ 10]. The motion also states that Defendant is aware of and willing to waive his speedy trial rights related to any finding that the case is complex" [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Based upon the extensive and voluminous discovery involving business and banking records for several businesses, interviews of over forty witnesses, and more than a decade of tax records, the Court also finds this case is "so unusual or complex, due to the . . . nature of the prosecution, . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. *Id.* § 3161(h)(7)(B)(ii). The Court also recognizes that Defendant's literacy and medical issues increase the time needed for counsel to review discovery with Defendant, confer with him about a negotiated resolution, and if negotiations are not fruitful, to prepare the case for trial. The Court finds that all of this cannot occur before the June 23, 2026 trial date.

2

The Court therefore **GRANTS** Frank Edward Small's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 53**] and supplement [**Doc. 55**]. The trial of this case is reset to **October 20, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on May 11, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Finally, the undersigned observes that this is the tenth trial continuance in this case [*See* Docs. 24, 31, 36, 40, 43, 45, 47, 49, & 51]. All continuances but one [Doc. 48][1] were at Defendant's request. The Court substituted current defense counsel, who are Defendant's fourth attorneys [*See* Docs. 7, 16, 36, & 41], on February 28, 2024. The Court deems this case to be complex and notes Defendant's serious health conditions are documented in the record [*See* Docs. 50, 50-1, 50-2, & 50-3]. Nevertheless, the Court encourages counsel to work to bring this case to a conclusion.

Accordingly, the Court **ORDERS** as follows:

(1)  Defendant Frank Edward Small's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Docs. 53**] and supplemental motion [**Doc. 55**] are **GRANTED**;

(2)  the trial of this matter is reset to commence on **October 20, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3)  This case is deemed to be **COMPLEX** for speedy trial purposes;

---

[1]  On June 24, 2025, the Government filed an unopposed motion to continue the then September 30, 2025 trial date because it was scheduled to begin a three-to-four-week trial in another criminal case on August 26, 2025 [Doc. 48 ¶ 3]. Defendant consented to the continuance and offered the issues with discovery review and that he had heart surgery in May 2025 as additional bases for the continuance [*Id*. ¶¶ 4, 6].

(4)  all time between the filing of the motion on **May 11, 2026**, and the new trial date of **October 20, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 18, 2026**;

(6)  the deadline for filing motions *in limine* is **October 5, 2026**. Responses to motions *in limine* are due on or before **October 13, 2026**;

(7)  the parties are to appear before the undersigned for a final pretrial conference on **September 22, 2026, at 11:00 a.m.**; and

(8)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 9, 2026.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

4